# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31104
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2019

Lyle W. Cayce
Clerk

JUAN GASPARD,

      Plaintiff - Appellant

v.

BECHTEL OIL GAS & CHEMICALS CONSTRUCTION SERVICES
INCORPORATED, incorrectly referred to as Bechtel Oil Gas & Chemicals Inc
and/or Bechtel Corp,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:16-CV-1431

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

    Juan Gaspard alleges that Bechtel, his former employer, fired him in violation of the Louisiana Whistleblower Statute (LWS). *See* LA. STAT. ANN. § 23:967. Even though Bechtel's stated reason for firing Gaspard may have been pretextual, the district court granted summary judgment to Bechtel because

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31104

(1) Gaspard never notified Bechtel that it was violating state law, and (2) Gaspard only complained to Bechtel of misconduct by his fellow employees, not misconduct attributable to Bechtel.

On appeal, Gaspard concedes that the district court's ruling "is based on interpretation of the language of LSA-R.S. § 23:967 by Louisiana courts of appeal and federal district courts." But he argues those courts have misread the statute to improperly limit the scope of LWS protection. Hoping for a broader interpretation, Gaspard asks this court to certify four questions to the Louisiana Supreme Court.

"To determine issues of state law, we look to the final decisions of that state's highest court." *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010). But, "[a]lone, the absence of a definitive answer from the state supreme court on a particular question is not sufficient to warrant certification." *Guilbeau v. Hess Corp.*, 854 F.3d 310, 315 (5th Cir. 2017) (alteration in original) (quotation omitted). "Rather, we must decide the case as would an intermediate appellate court of the state in question if . . . the highest court of the state has not spoken on the issue or issues presented, and we are reluctant to certify absent genuinely unsettled matters of state law." *Id.* (quotations and footnote omitted). "When, as here, the appellate decisions are in accord, the law is not unsettled, and certification is unwarranted." *Id.*

AFFIRMED.